UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

WILLIE WILSON MILLER                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 1:20-CV-P131-GNS

CHRISTOPHER CLARK et al.                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Willie Wilson Miller filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983

complaint.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v.*

*Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed in part

and allowed to continue in part.

**I. STATEMENT OF FACTS**

Plaintiff is a pretrial detainee at the Warren County Regional Jail.  He names as

Defendants in their individual and official capacities: Warren County Sherriff's Deputy

Christopher Clark; the Warren County Sherriff's Department; Randall Reece, Jr., also known as

Troy; Warren County Sheriff's Deputy T. McQuern; Greenview Regional Hospital Emergency

Room Personnel and Doctors; Greenview Tristar Health Hospital; and the Simpson County

Sheriff's Department.

Plaintiff states that on June 10, 2020, he returned to his home, which he describes as

"legal property that belongs to me from my grandparents inheritances 'living will[.]'"  However,

he noticed that the cattle gate was chained and padlocked and that his lock and chain on the gate

had been broken.  He was told by his neighbor that Warren County Sheriff's Department officers

cut his lock and broke into his house.

Plaintiff states that he retrieved his "documents of my grandmothers beneficiary of estate & living will" and other documents out of his safe box in the trunk of my car at the Sheriff's Department to file a complaint for violations of his constitutional rights.  Plaintiff alleges that Defendant Clark "started calling me liers and making alligations that I was the wrong party and he told me I could not go back to my home where all my clothes, papers, possessions and belonging are."  According to Plaintiff, Defendant Clark confiscated his papers and told him that he was free to go but could not go back to his house.  Plaintiff states that as a result he slept in his car for four days.

The complaint states that on June 14, 2020, Plaintiff was visiting relatives in Simpson County when he was pulled over by Simpson County Sheriff's Department deputies for a broken taillight.  He states that they gave him a warning and let him go.  However, he states that 45-60 minutes later the same deputies approached him while he was sitting at a gas and food market.  He alleges that Defendant Clark, "out of his jurisdiction," pulled him out of his car, handcuffed him, and put him in the back of the patrol car without a warrant.  He states that it was at least 95 degrees that day, the windows were rolled up, and no air conditioning was on.  He states that he was sweating profusely, felt sick, and could not breathe, so he began yelling.  He states that Defendant Clark and a Simpson County deputy each opened one of the rear doors at the same time and both reached in to grab him roughly.  He alleges Defendant Clark grabbed him and put his arm around his throat:

> squeezing hard until my neck popped loudly while the Simpson County Sheriff held both of my ankles together with his arms so I couldn't move, then as I was about to die my necklaces on my neck had been broken and my eyes was opened but I could not see for a few minutes due to being held and strangled around my neck.

Plaintiff further alleges that he asked to go to the hospital by ambulance because his "neck and lower back was killing [him]."  He states he was taken to the "E.R." at Greenview TriStar Hospital "where they refused me proper treatment for my neck and lower back injury and wouldn't give me x-rays or anything."  Plaintiff states that instead he was tested for COVID-19 and brought to jail.  He states that his neck and lower back have "caused him severe problems and pain."

Plaintiff also alleges that "as an online employer of the Albany, New York department of Taxation and Finance Department as 6th Proxy, Merger, Proxy, Advisary of Southeastern Merger . . . and as a whistleblower I feel my rights and constitutional rights have been violated[.]"

The complaint also refers to violations of the following Amendments:  First, Second, Third, Fourth, Fifth, Sixth, Eighth, Thirteenth, Fourteenth, Fifteenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Six.

As relief, Plaintiff asks for monetary and punitive damages; for release from illegal detention and expungement of records; and to have his rights restored.  He also states, "I pro se file under claim 28 U.S.C. §§ 2241, 2254 or 2255."

Attached to the complaint is a three-page "Jail Copy Uniform Citation" containing a post-arrest complaint.  That document details that Defendants Clark and McQuern responded to a criminal trespassing complaint filed by Defendant Reece, who told them that he is the owner of the property, that he no longer resides there, and that the residence should be vacant.  According to that document, Defendant Reese periodically checks on the property and noticed there was a fence put up at the beginning of the driveway and requested that the deputies clear it.

3

The report details further that Plaintiff came to the Warren County Sheriff's Office to report suspicious activity at the residence in question; Plaintiff was advised of the allegations against him, agreed to a recorded interview and was given the *Miranda* warning.  Plaintiff stated that he had inherited the property from his grandmother, Elona Mahoney, and showed various documents.  Defendant Clark reported that he did not arrest Plaintiff at this time because he was unsure of the legitimacy of the documents.  Subsequently, Defendant Reece informed Defendant Clark that Mahoney had no right to the property and that the documents in question belonged to Defendant Reece and must have been stolen from the residence in question.

The report further states that Defendant Clark unsuccessfully attempted to locate Plaintiff after discovering this information and that a "BOLO" was sent out to surrounding agencies.  The report states that on June 14, 2020, the Simpson County Sherriff's Office made contact with Plaintiff and that Defendant Clark went to Simpson County and took custody of Plaintiff.  That report also shows charges of "burglary, 2nd degree; TBUT or sip all others $500 or more but U/ $10,000; and criminal mischief 2nd degree."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

4

has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Sheriff's Department Defendants

First, a Sheriff's Department is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  Instead, it is the county that is the proper party.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (finding that suit against fiscal court is actually suit against county itself).

A county may only be liable under § 1983 when its policy or custom causes the injury. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)).  In a municipal liability claim, such as this, the finding of a policy or custom is the initial determination to be made.  *Doe v. Claiborne Cty., Tenn.* 103 F.3d 495, 509 (6th Cir. 1996).  The policy or custom must be the moving force behind the constitutional injury, and plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).  Here, Plaintiff has not

identified any custom or policy of these Defendants.  Consequently, the claims against

Defendant Warren County Sheriff's Department and Defendant Simpson County Sheriff's

Department will be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Reece

According to the complaint, Defendant Reece filed the criminal trespassing complaint

with the Warren County Sheriff's Department.  Defendant Reece is a private citizen and,

therefore, generally not amenable to suit under § 1983.  *See Brotherton v. Cleveland*, 173 F.3d

552, 567 (6th Cir. 1999).  "In order to be subject to suit under § 1983, [a] defendant's actions

must be fairly attributable to the state."  *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997).

Reporting a crime, even falsely, does not transform a private citizen into a state actor.  *See*

*Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000) (citing *Am. Mfrs. Mut. Ins. Co. v.*

*Sullivan*, 526 U.S. 40, 54 (1999)).  This claim will be dismissed for failure to state a claim.

### C. Official-capacity claims against Defendants Clark and McQuern

If an action is brought against an official of a governmental entity in his official capacity,

the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989).  Thus, for the same reasons that Plaintiff failed to state a

claim against either the Warren or Simpson County Sheriff's Departments, he fails to state an

official-capacity claim against either Defendant Clark or McQuern.  These claims will be

dismissed.

### D. Whistleblower claim

Plaintiff alleges that "as an online employer of the Albany, New York Department of

Taxation and Fiance [sic] Department as 6th Proxy, Merger, Proxy, Advisory [sic] of

Southeastern Merger. . . and as a whistleblower I feel my rights and constitutional rights have

been violated[.]"  Plaintiff does not explain and the Court cannot fathom what being an online employer of a New York department or a "whistleblower" would have to do with the subject matter of the complaint.  As such, this claim will be dismissed as frivolous.  *Neitzke*, 490 U.S. at 325 (holding that the term frivolous includes an "inarguable legal conclusion" as well as a "fanciful factual allegation").

### *E. Claims against hospitals and medical personnel*

Section 1983 provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

According to the complaint, Plaintiff asked to go to the hospital.  The fact that Plaintiff was an arrestee at the time he was brought to the hospital does not transform the hospital or any of its agents into entities who acted under color of state law in treating Plaintiff, and nothing that Plaintiff alleges in the complaint indicates that these Defendants should be considered state actors.  *See, e.g.*, *Bernazard v. Bartsich*, No. 15-CV-945 (JG), 2016 WL 126374, at *2 (E.D.N.Y. Jan. 9, 2016)  ("[T]he mere fact that Jamaica Hospital was the receiving hospital of a patient shot by a New York City Police officer does not make it or the defendant physicians' actions so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." (internal quotation marks and citation omitted)); *Rosario v. Washington Mem'l Hosp.*, No. CIV.A. 12-1799, 2013 WL 2158584, at *3 (W.D. Pa. May 17, 2013) ("While Plaintiff was an arrestee at the time he was brought to the Washington Memorial Hospital, that fact does not transform the Washington

Memorial Hospital or any of its agents into entities who acted under color of state law in treating Plaintiff and nothing that Plaintiff alleges in the Complaint . . .  merits a contrary conclusion."); *Dixon v. Baptist S. Med. Hosp.*, No. 2:07-CV-662, 2010 WL 431186, at *7 (M.D. Ala., Feb. 1, 2010) ("The vast majority of federal courts agree that treatment by a non-contract private physician, nurse or hospital upon referral or on an emergency basis does not satisfy the requirements for state action."); *Wendt v. Hutchinson*, No. 4:08 CV 12485, 2008 WL 4280117, at *2 (E.D. Mich. Sept. 11, 2008) (finding that § 1983 claims against a doctor at a private hospital must be dismissed where there was no allegation in the complaint that the doctor contracted with the state or that his medical decisions were controlled by state).  Consequently, the claims against these Defendants will be dismissed for failure to state a claim.

*F. Claim for release, for expungement, and to have rights restored*

Plaintiff's requests to order his release from custody and expungement of his record are not available remedies under § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983").  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Additionally, Plaintiff's claim to have his rights restored, though vague, would appear to require the Court to get involved with the state-court action against him.  "[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury."  *Fieger v. Thomas*,

8

74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  *Younger* abstention in civil cases requires the satisfaction of three elements.  Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims."  *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating.  In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state-court proceeding.  While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

Where *Younger* abstention is appropriate, it requires dismissal of those claims.  *Zalman v, Armstrong*, 802 F.2d at 199, 207 n.11 (6th Cir. 1986).  Thus, the Court will dismiss these claims without prejudice.

Plaintiff also states, "I pro se file under claim 28 U.S.C. §§ 2241, 2254 or 2255."  For the reasons cited above, the Court does not consider the instant action to be one under any of these statutes.  The Court will direct the Clerk of Court to send Plaintiff §§ 2241 and 2254 petition forms, should he wish to file such an action(s).[1]

### G. Remaining claims

Plaintiff makes no allegations concerning the First, Second, Third, Sixth, Eighth, Thirteenth, Fifteenth, Nineteenth, Twentieth, Twenty-First, or Twenty-Sixth Amendments.  The Court is not required to accept conclusory and unsupported statements, and these claims will be

---

[1] Section 2255 applies to persons convicted of federal crimes, which does not appear to be the case here.

dismissed for failure to state a claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The Court will allow to continue Plaintiff's individual-capacity claims related to entering property and expelling Plaintiff from the property against Defendants Clark and McQuern under the Fourteenth Amendment Due Process Clause; of false arrest under the Fourth Amendment against Defendant Clark; and of excessive force under the Fourth Amendment[2] during his arrest against Defendant Clark.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants Warren County Sheriff's Department, Simpson County Sheriff's Department, and Randall Reece, Jr.; his claims against Greenview Regional Hospital Emergency Room Personnel and Doctors, and Greenview Tristar Health Hospital; his official-capacity claims against Defendants Clark and McQuern; and his claims for release from illegal detention and expungement of records are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's claim to have his rights restored is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's whistleblower claim is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate the Warren County Sheriff's Department; Simpson County Sheriff's Department; Randall Reece, Jr.; Greenview Regional

---

[2] Since Plaintiff alleges excessive force in the course of his arrest, the Fourth Amendment applies to this claim.

Hospital Emergency Room Personnel and Doctors; and Greenview Tristar Health Hospital as parties to this action.

The Clerk of Court is **FURTHER DIRECTED** to send to Plaintiff this Court's forms for filing §§ 2241 and 2254 petitions.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.  In allowing these claims to continue, the Court expresses no opinion on their ultimate merit.

Date:  January 28, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
          Defendants
4416.009

11